STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
July 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TERRY E. LILLY,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1526**  (BOR Appeal No. 2045915)
                              (Claim No. 2007211465)

**KINGSTON MINING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terry E. Lilly, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kingston Mining, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 13, 2011, in which the Board affirmed an April 29, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed a claims administrator's October 4, 2010, decision denying authorization of the medications Serax and Trazodone. The Office of Judges also affirmed a claims administrator's October 4, 2010, decision denying authorization for individual counseling sessions once per month. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lilly was employed by Kingston Mining, Inc., on July 28, 2006, when a rock fell on him, trapping him underneath. The claims administrator held the claim compensable for multiple conditions. Mr. Lilly also received psychiatric treatment and services based on this injury, including treatment from Dr. Faheem. Dr. Faheem diagnosed Mr. Lilly with depressive disorder not otherwise specified and post-traumatic stress disorder. Dr. Faheem also reported that Mr. Lilly suffered from nightmares and panic attacks but that these symptoms had grown less

frequent. Dr. Faheem treated Mr. Lilly's symptoms with Trazodone, Cymbalta, and Serax. Mr. Lilly also received individual counseling from Mr. Mink. On February 16, 2010, Dr. Weise performed an independent psychiatric evaluation on Mr. Lilly. Dr. Weise opined that it would not be beneficial for Mr. Lilly to continue to receive psychiatric counseling. He also recommended that Mr. Lilly's use of Serax should be slowly tapered and withdrawn, and that Mr. Lilly's use of Trazodone should be reduced but resumed if his symptoms were exacerbated.

Based on Dr. Weise's report, the claims administrator sent a notice letter to Dr. Faheem, dated April 2, 2010, requesting a detailed medical report that outlined his opinion of the weaning and tapering program suggested by Dr. Weise. The letter stated that if the report was not received by August 1, 2010, the claims administrator would implement the tapering program suggested by Dr. Weise. On July 28, 2010, the claims administrator issued a decision stating that the requested information had not been received. The decision further stated that Serax, Trazodone, and individual counseling would be approved until October 1, 2010, to allow for preparation and implementation of a wean and taper program. The decision was not protested but on September 9, 2010, Dr. Faheem requested authorization for Serax, Trazodone, and individual counseling sessions. The claims administrator denied Dr. Faheem's request in two separate decisions on October 4, 2010. The claims administrator's decisions were affirmed by a joint Order of the Office of Judges on April 29, 2011. The Board of Review then affirmed the Order of the Office of Judges on October 13, 2011, leading Mr. Lilly to appeal.

In its Order, the Office of Judges concluded that there was no error in the claims administrator's denial of Dr. Faheem's request for the medications, Serax and Trazodone, and individual psychiatric counseling. The Office of Judges determined that the claims administrator's July 28, 2010, decision, which had authorized the requested medications and counseling sessions until October 1, 2010, to allow for weaning and tapering, was not protested. The Office of Judges determined that Dr. Faheem made no attempt to implement a weaning and tapering program, nor did he submit the requested detailed report to the claims administrator. The Office of Judges determined that the denial of the requested medications should be affirmed. Additionally, the Office of Judges concluded that the claims administrator's denial of authorization for additional counseling sessions was appropriate. In making this determination the Office of Judges relied on an independent medical evaluation performed by Dr. Weise, on January 25, 2011, in which he repeated many of the findings he had made in his February 16, 2010, report. Dr. Weise found that Mr. Lilly had reached the maximum degree of psychiatric improvement, that there were no changes in Mr. Lilly's overall symptoms during the past year, and that Mr. Lilly had no further need of psychiatric counseling. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on October 13, 2011.

We agree with the conclusions of the Board of Review and the Office of Judges. The February 16, 2010, and January 25, 2011, reports of Dr. Weise, which the Office of Judges relied upon, demonstrated that Mr. Lilly's use of Serax and Trazodone should be tapered. Dr. Weise's reports also demonstrate that it was no longer beneficial for Mr. Lilly to receive individual psychiatric counseling in relation to this claim. The Office of Judges did not commit reversible error in relying on Dr. Weise's reports. Finally, Mr. Lilly has not demonstrated that the requested medications and psychiatric counseling are medically related and reasonably necessary to treat his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   July 24, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum